UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREW R. WOOD,

    Plaintiff,

v.                                         Case No. 2:10-cv-50
                                        HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Andrew Wood filed a request for social security benefits in August of 2003, alleging that he had been disabled since May 28, 2003, due to problems with his back and depression. An administrative law judge (ALJ) issued a decision on August 6, 2005, finding plaintiff not disabled. Plaintiff sought an appeal through the Appeals Council. The Appeals Council found no basis to review the ALJ's decision. Plaintiff did not seek judicial review of this denial of social security benefits. In November of 2006, plaintiff again filed for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, alleging that he had been disabled since June of 2003 due to back, neck and knee problems. Plaintiff's applications were denied and thereafter he requested a hearing before an ALJ. The ALJ concluded that plaintiff had the capacity to perform a full range of sedentary work. The ALJ concluded that plaintiff suffered from "the following severe impairments: back disorder and affective disorder." See Administrative Transcript at page 16 (hereinafter Tr. at ___). According to the ALJ, plaintiff's severe impairments still permitted him to perform sedentary work. Accordingly, the ALJ found that plaintiff was not

disabled and therefore not entitled to disability benefits. Plaintiff sought an appeal with the Appeals Council, which was denied. Plaintiff then sought judicial review in this Court.

In reviewing the Commissioner's denial of disability benefits, this Court is limited to evaluating whether substantial evidence supports the ALJ's conclusions and whether the ALJ applied the appropriate legal standard. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001), quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court is required to review the entire administrative record in determining whether substantial evidence supports the Commissioner's decision. This Court is not to reverse the decision of the Commissioner "merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). The Court is not to review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The ALJ found both plaintiff's back condition and mental problems to be severe. According to the ALJ, plaintiff's limitations prohibited him from doing anything other than sedentary work. The ALJ, however, found that plaintiff's symptoms were not as severe as he alleged, that his claims regarding the intensity, persistence, and limitations of his pain were not supported by the objective medical evidence, and that his depression and anxiety did not prohibit him from engaging in sedentary work. In reaching this finding, the ALJ rejected the opinions of the treating physicians, Glenn Kauppila, D.O., Jan Cornell, M.D., and Dr. Robert Sharkey, Ph.D. These medical professionals concluded that plaintiff was not capable of performing any work. Plaintiff maintains that the ALJ's decision rejecting the opinions of his treating physicians, finding plaintiff

to be less than credible, and concluding that plaintiff could perform sedentary work are not supported by the evidence of record.

In a letter from Dr. Kauppila dated July 24, 2009, plaintiff's diagnosis was explained as follows:

> Chronic low back pain with degenerative changes at L2-3, L3-4, L5-S1
> Broad based disc bulging at L3-4, L4-5, L5-S1
> Chronic cervical spine pain with mild disc bulging at C6-7
> Chronic right knee pain with history of patella repositioning surgery
> Spina bifida occulta S1
> Short right leg contributing to his low back pain
> Chronic left knee pain due to malpositioned patella
> Generalized anxiety disorder with panic attack
> Alcoholism (currently sober)
> Depression
>
> He has received numerous treatments and has been actively engaged in trying to alleviate his pain and has been in physical therapy, had epidural injections, been evaluated by a physiatrist, and has had nerve ablation. All of these have been without success. Further interventions would be necessary under the care of a spinal speciality, but this is currently prohibited under Andrew's insurance. Further evaluation and treatment is currently on hold due to the patient's insurance status.

Tr. at 369.

> An MRI performed on plaintiff's back in December of 2007 disclosed:
>
> There is compression of the endplate of L1. Schmorl's node is also likely present.
>
> L1-2, L2-3: No significant abnormalities of the intervertebral disks are appreciated. No significant posterior facet arthropathy is identified.
>
> L3-4: There is mild diffuse disk desiccation. Mild disk bulge is noted with increased T2 signal posteriorly. This finding may be consistent with small radial tear. There is mild effacement of the anterior thecal sac. The neural foramina and spinal canal are otherwise patent. Mild posterior facet arthropathy is identified. Mild thickening of the ligamentum flavum is noted.

L4-5: Mild diffuse disk bulge is identified. There is slight increased T2 signal within the posterior disk that may be consistent with small radial tear. There is mild effacement of the anterior thecal sac. The neural foramina appear patent. There is mild thickening of the of the ligamentum flavum. There is diffuse disk dexiccation. Mild posterior facet arthropathy is noted.

L5-L6: Moderate diffuse disk desiccation is identified. Moderate bulging disk is present and eccentric to the right. There is mild thickening of the ligamentum flavum. Mild effacement of the anterior thecal sac on the right is identified. There is moderate to severe narrowing of the right neural foramina. Mild to moderate narrowing of the left neural foramina is identified. There is mild posterior facet arthropathy.

L6-S1: Mild to moderate diffuse disk desiccation os identified. Minimal disk bulge is noted. The neural foramina and spinal canal appear patent. Mild posterior facet arthropathy is identified.

Ligamentum flavum is mildly thickened.

Vertebral body height, alignment and marrow signal are otherwise unremarkable.

The conus medullaris and nerve roots appear maintained.

The SI joints appear symmetric.

The retroperitoneal structures appear unremarkable.

IMPRESSION:
    1. Moderate degenerative changes at the intervertebral disks of the lower lumbar spine as described.
    2. Compression of the L1 vertebral body superior endplate. This finding may be related to Schmorl's node and intervertebral disk herniation; however, compression fracture involving 10-20% of the vertebral body height cannot be excluded. There is no obvious marrow edema to suggest acute process. Clinical correlation for symptomatology in this region is recommended.

Dictated By: DERRICK HARPER, MD

Tr. at 276-277.

Plaintiff has been treated for back pain since his injury in May of 2003. Plaintiff has undergone a significant number of steroidal injections into his spine. These have occurred in February 2005, April 2005, September 2005, January 2006, February 2006, May 2006, and a series in July 2006. These injections provided plaintiff with limited short-term relief.

In discussing plaintiff's limitations, Dr. Cornell indicated that plaintiff's condition had deteriorated, he could never lift less than 10 pounds, he was not capable of standing or walking less than two hours in an eight hour day, he could not reach, push or pull, and he could not operate any foot or leg controls. Tr. at 347.

Plaintiff was evaluated by Dr. Margaret Cappone, a licensed psychologist, in July of 2006. Dr. Cappone indicated that plaintiff "does not appear to exaggerate or minimize symptoms, although he does appear preoccupied and focused upon them." Tr. at 179. Dr. Cappone's diagnosis was as follows:

| | | |
|---|---|---|
| Axis I: | 296.32 | Major depressive disorder, moderate, recurrent with significant adjustment issues |
| | 300.00 | Anxiety disorder, NOS with generalized and panic features |
| | 303.90 | Alcohol dependence in full sustained remission since 1995 by self-report |
| Axis II: | | None |
| Axis III: | | Spinal bifida, degenerative disc disease, back and knee problems by self-report |
| Axis IV: | | Stressors: Severe: Chronic pain, loss of functioning from previously higher level, house in foreclosure, behind in child custody payments, financial, unemployed |
| Axis V: | GAF 50 | [current] |
| PROGNOSIS: | | Guarded. |

Tr. at 181.

Dr. Sharkey, a licensed psychologist, evaluated plaintiff and found that he suffered from major depression and anxiety. Dr. Sharkey indicated in October of 2008 that plaintiff should not attempt to seek employment. Tr. at 311. In assessing plaintiff's mental abilities and aptitudes to perform unskilled work, Dr. Sharkey indicated that plaintiff had poor to none in the following categories: remember work-like procedures, maintain attention for two hour segment, maintain regular attendance and be punctual within customary, usually strict tolerances, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being unduly distracted, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, and deal with normal work stress. Tr. at 313. Dr. Sharkey indicated that considering plaintiff's back and neck conditions and his inability to manage stress, plaintiff could not perform in a normal social or work environment. Tr. at 315.

Unmentioned by the ALJ in his decision denying benefits are the medications that plaintiff has been taking to treat his condition. Plaintiff has been prescribed Hydrocodone, Flexeril, a Duragesic patch, Risperdal, Xanax and Prozac. Tr. at 175-176. In addition, plaintiff has been prescribed Vicodin (Tr. at 183), Cymbalta (Tr. at 256), Levothyroxine (Tr. at 256), Lortab (Tr. at 256), Methadone (Tr. at 275), Klonopin (Tr. at 292) and Demerol (Tr. at 298).

In *Gasgin v. Commissioner of Social Security*, 2008 WL 2229848 (6th Cir. Mich.) (unpublished) (attached), the court explained:

> **A. Standard of Review**
>
> We review an ALJ's denial of disability benefits under the substantial evidence standard. 42 U.S.C. § 405(g); *see also Shelman v. Heckler,* 821 F.2d 316, 319 (6th Cir.1987). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shelman,* 821 F.2d

at 320 (internal quotations omitted). Under this highly deferential standard, "it is not necessary that this court agree with the Commissioner's finding, as long as it is substantially supported in the record." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007).

### B. ALJ's Rejection of Physician Opinions

Gaskin's chief argument on appeal is that the ALJ improperly disregarded the opinion of Dr. Richard Brown, his treating physician, and portions of the opinion of Dr. A. Pennington, a consulting physician who examined Gaskin on behalf of the State of Michigan. This argument lacks merit.

The opinions of a treating physician are generally afforded "substantial, if not controlling, deference." *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir.2004). However, such deference is only appropriate where the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." *Rogers,* 486 F.3d at 242 (internal quotations and alterations omitted); *accord* 20 C.F.R. § 404.1527(d)(2). The opinion of a non-treating physician is entitled to, "if anything, less deference than the treating physician's opinion." *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir.2003). A physician's opinion that a claimant is disabled is entitled to no deference because it is the prerogative of the Commissioner, not the treating physician, to make a disability determination. *See Warner,* 375 F.3d at 390; *see also Bass v. McMahon,* 499 F.3d 506, 511 (6th Cir.2007) (stating that "no special significance will be given to opinions of disability, even if they come from a treating physician") (internal quotations omitted). Whenever a treating physician's opinion is disregarded, the ALJ must provide "good reasons" for doing so. *Rogers,* 486 F.3d at 242. This requirement ensures that "the ALJ applies the treating physician rule," and it "permits meaningful appellate review of the ALJ's application of the rule." *Id.* at 243 (internal quotations omitted).

* * *

Unlike the cases where we have held that the ALJ failed to state "good reasons" for rejecting the treating physician's opinion, here the ALJ did not merely cast aside the treating physician's opinion without explanation. *See, e.g., Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 749 (6th Cir.2007) (vacating the Commissioner's denial of disability benefits because the ALJ failed to even mention the contrary opinion

of the claimant's treating psychologist). Rather, the ALJ clearly stated that he was rejecting Dr. Brown's opinion because it was not supported by the medical evidence-which the ALJ set forth in great detail throughout his opinion-and the ultimate determination of disability is a matter reserved to the Commissioner. Accordingly, we believe the ALJ satisfactorily explained his reasons for not deferring to the opinion of Dr. Brown.

In another case from the Sixth Circuit, *White v. Commissioner of Social Security*, 2009 WL 454916 (6th Cir. Mich.) (unpublished) (attached), the court faced a situation which was far more similar to the instant case. In that case, the court explained:

> **a. Treating Physicians' Opinions**
>
> Under the "treating source" rule, the ALJ must "'give good reasons' for not giving weight to a treating physician in the context of a disability determination." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir.2004) (quoting 20 C.F.R. § 404.1527(d)(2)). Pursuant to this rule, "if the opinion of the treating physician as to the nature and severity of a claimant's conditions is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record,' then it will be accorded controlling weight." *Rogers,* 486 F.3d at 242 (quoting *Wilson,* 378 F.3d at 544). "When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Id.* "However, in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding." *Id.* "It is true, however, that the ultimate decision of disability rests with the administrative law judge." *Walker v. Sec'y of Health & Human Servs.,* 980 F.2d 1066, 1070 (6th Cir.1992). White argues that, because his treating physicians, Dr. Basch and Dr. Smith, advised him not to return to work, the ALJ erred by discounting their opinions regarding White's disability when there was nothing in the record, except the state agency physician's report, that supported a conclusion that White could perform limited light work. The Commissioner argues that a treating physician's opinion that a claimant cannot

return to work is not conclusive on the ultimate issue of disability and that the ALJ gave the requisite "good reasons" for discounting the opinions of the treating physicians.

We conclude that the ALJ did not give sufficient reasons for discounting the opinion of Dr. Basch as to White's limitations. Although the ALJ was correct that the opinions of Dr. Basch and Dr. Smith were not conclusive on disability, particularly because they referred to White's ability to perform his current job rather than other jobs, the ALJ does not give good reasons for entirely discounting the remainder of Dr. Basch's opinions. The ALJ stated that he did not give Dr. Basch's opinion great weight "because his opinion is inconsistent with his own office notes that indicate the claimant receives good pain relief for four to seven weeks from nerve block injections." A.R. at 18 (ALJ Decision at 5). However, although Dr. Basch did find that White obtained temporary relief from the nerve blocks, the key is that this relief was temporary, lasting for only three to seven weeks. Dr. Basch's notes repeatedly state that, aside from the temporary relief from the injections, no viable treatments are working and there is nothing more that can be done to relieve White's pain. This is in no way inconsistent with the conclusion that White's pain would prevent him from consistently holding a job and therefore is not a good reason for entirely discounting Dr. Basch's opinion as internally inconsistent. As we have previously stated, a doctor's report is not inconsistent with a finding of disability merely because it states that the claimant's physical impairment has improved. *Walker,* 980 F.2d at 1071.

As the magistrate judge noted, Dr. Basch found that White could not perform work involving sitting, squatting, or twisting, because it places too much pressure on his nerve. This is inconsistent with the RFC, which allows for occasional pushing and pulling with the right leg and occasional bending, kneeling, squatting, crouching, and crawling. Although, as the district court noted, Dr. Basch found that White should walk more, he also found that when White did walk more as instructed, the pain became unbearable. The ALJ stated that Dr. Basch's recent office notes reported that White was becoming more active, but the ALJ failed to note that in that same sentence Dr. Basch reported that the increased activity was increasing White's pain. As we have noted, "the fact that a patient is encouraged to remain active does not reflect the manner in which such activities may aggravate the patient's symptoms."

I recognize that the Commissioner's decision is entitled to significant deference. My careful review of the entire record, however, does not demonstrate that there is substantial evidence to support the Commissioner's decision in this case. The record is replete with references to plaintiff suffering from a severe back condition which has not responded well to treatment. Plaintiff did get temporary relief from some steroidal injections and has been taking substantial doses of narcotics in an effort to find pain relief. In the opinion of the undersigned, the combination of plaintiff's back condition and his serious mental condition render him unable to perform any work. The treating physicians have concluded that plaintiff is not capable of performing work. Generally speaking, the opinions of treating physicians are afforded considerable, if not controlling, weight. *See* 20 C.F.R. § 404.1527(d)(2). If an ALJ discounts the opinion of a treating physician, he or she must provide good reasons for doing so. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545-46 (6th Cir. 2004). In this case, the ALJ made statements to justify the failure to accept the opinions of the treating physicians. A thorough and careful review of the entire administrative transcript fails to support the ALJ's decision to reject the opinions of the treating physicians.

Accordingly, the undersigned is constrained to recommend that the Court reverse the decision of the Commissioner denying benefits and remand this matter for an award of benefits. In the opinion of the undersigned, all the essential factual issues have been resolved and the record adequately establishes plaintiff's entitlement to benefits. *See Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 176 (6th Cir. 1994).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 4, 2011