UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ANDREW R. WOOD,

    Plaintiff,

v.                                          Case No. 2:10-CV-50

MICHAEL J. ASTUE,                 HON. GORDON J. QUIST
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MEMORANDUM ORDER REJECTING
## REPORT AND RECOMMENDATION

The Commissioner has filed Objections to the Magistrate Judge's Report and Recommendation issued on February 4, 2011. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the Report and Recommendation to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.*

In his Report and Recommendation, the magistrate judge recommended that the Court reverse the decision of the Commissioner and remand for an award of benefits. (Report and Recommendation at 10.) The magistrate judge reasoned that substantial evidence does not support the Commissioner's decision because there are numerous references in the record to Plaintiff's severe back condition not responding well to treatment and Plaintiff having obtained only temporary relief from his symptoms. (*Id.*) The magistrate judge concluded that the Administrative Law Judge ("ALJ") should have given the opinions of Plaintiff's treating physicians controlling weight because, even though "the ALJ made statements to justify the failure to accept the opinions of the treating

physicians," those reasons were not supported by substantial evidence in the administrative record. (*Id.*)

After conducting a *de novo* review of the Report and Recommendation and the pertinent portions of the record, the Court concludes that the Report and Recommendation should be rejected and the Commissioner's decision affirmed.

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether the Commissioner applied the correct legal standard and whether the findings and decision to deny benefits are supported by substantial evidence. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "'Substantial evidence' means 'more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). In determining whether substantial evidence exists, the Court must examine the administrative record as a whole. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam). The Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Walters*, 127 F.3d at 528. Affirmance is required so long as the Commissioner's decision is supported by substantial evidence, even if the Court would have decided the case differently or if substantial evidence also supports the opposite conclusion. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 438 (6th Cir. 2010).

In his Objections, the Commissioner argues that the magistrate judge erred by trying the Plaintiff's claim *de novo*, resolving conflicts in the evidence, deciding issues of credibility, and failing to adhere to the proper standard of review. The Commissioner further contends that the ALJ gave good reasons, supported by substantial evidence, for discounting the opinions of Plaintiff's

2

primary care physicians, Dr. Cornell and Dr. Kauppila, and for according minimal weight to the opinion of Dr. Sharkey, a licensed psychologist who evaluated Plaintiff and concluded that Plaintiff should not attempt to seek employment. The Court agrees.

To determine whether a claimant is disabled, the ALJ employs the following five-step sequential analysis, as set forth in 20 C.F.R. § 404.1520:

> (1) A claimant who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> (2) A claimant who does not have a severe impairment will not be found to be disabled.
>
> (3) A finding of disability will be made without consideration of vocational factors, if a claimant is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the Regulations. Claimants with lesser impairments proceed to step four.
>
> (4) A claimant who can perform work that he has done in the past will not be found to be disabled.
>
> (5) If a claimant cannot perform his past work, other factors, including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

*Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The claimant bears the burden of proof through the first four steps, and the Commissioner bears the burden of proof at the final step. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

In this case, the ALJ concluded that Plaintiff met his burden of proof through the first four steps. At step 2, the ALJ found that Plaintiff suffered from severe impairments of a back disorder and affective disorder, (Administrative Record ("A.R.") at 16-17), and at step 3, the ALJ found that Plaintiff's impairments did not did not equal or exceed the listed impairments in Appendix 1 of 20 C.F.R. Part 404, Subpart P. (*Id.* at 17-18.) At step 4, the ALJ found that Plaintiff had the residual

functional capacity to perform the full range of sedentary work. (*Id.* at 18-20.) Finally, at step 5, the ALJ found that Plaintiff was not disabled because he could perform a significant number of jobs in the national economy. (*Id.* at 21.)

In concluding that the ALJ's decision should be reversed, the magistrate judge stated:

> The record is replete with references to plaintiff suffering from a severe back condition which has not responded well to treatment. Plaintiff did get temporary relief from some steroidal injections and has been taking substantial doses of narcotics in an effort to find pain relief. In the opinion of the undersigned, the combination of plaintiff's back condition and his serious mental condition render him unable to perform any work.

(Report & Recommendation at 10.) Even if the substantial evidence would have supported a finding that Plaintiff was disabled, substantial evidence also supports the ALJ's decision.

First, the ALJ concluded that Plaintiff's complaints of pain and self-reported limitations were not entirely credible. Although Plaintiff testified that his back impairment causes severe pain, prevents him from lifting or standing for long periods, and substantially limits his activities of daily living, the ALJ found that Plaintiff's other statements and reports to the state agency regarding his activities did not support a finding that he was precluded from performing all sustained work activity. For example, the ALJ noted that Plaintiff owned a home, prepared meals, did light housework, drove, watched television, shopped, and handled his finances. (A.R. at 19.) Such evidence is properly considered in determining a claimant's credibility. *See Walters*, 127 F.3d at 532 ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments."); 20 C.F.R. § 416.929(a). Moreover, the ALJ found that while Plaintiff's back impairment obviously caused pain, Plaintiff obtained relief from therapy and medications, as he reported improvement in functioning and decrease in his symptoms to his medical

4

providers following such treatment. (*Id.*) These determinations were supported by substantial evidence.

The ALJ's decision to give less weight to the opinions of Plaintiff's treating physicians was proper. Initially, as the Commissioner notes, it is well-settled that the ultimate issue of disability is reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(1); *Cutlip*, 25 F.3d 284. The ALJ therefore was not bound by the opinions of Drs. Cornell and Kauppila that Plaintiff was unable to perform any type of job. In general, the opinions of treating physicians are accorded substantial deference and, if uncontradicted, controlling deference. *Shelman v. Heckler*, 821 F.2d 316, 320 (6th Cir. 1987). However, a treating physician's opinion is entitled to substantial deference only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009). If the treating physician's opinion is not given controlling weight, the ALJ must "give good reasons" for the weight given to the opinion. 20 C.F.R. § 404.1527(d)(2). Here, the ALJ did not err in failing to give the opinions of Drs. Cornell and Kauppila controlling weight because they were based upon Plaintiff's own subjective complaints rather than objective medical evidence. *See Massey v. Comm'r of Soc. Sec.*, No. 09-6527, 2011 WL 383254, at *3 (6th Cir. Feb. 7, 2011) (concluding that the ALJ did not err in failing to give controlling weight to treating physician opinions that were contrary to an MRI showing no nerve root compression); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 156 (6th Cir. 2009) (stating that "substantial evidence supports the ALJ's determination that the opinion of Dr. Boyd, Poe's treating physician, was not entitled to deference because it was based on Poe's subjective complaints, rather than objective medical data"). Moreover, the ALJ found that the treating physician opinions were entitled to limited weight because they were inconsistent with the objective medical evidence in the

record and the treating physicians failed to support their assessed physical limitations with objective medical findings. Given other evidence suggesting that Plaintiff retained the ability to perform sedentary work, as well as the ALJ's well-supported credibility finding, the ALJ gave good reasons supported by substantial evidence for giving the treating physician opinions minimal weight.

Similarly, the ALJ did not err in discounting Dr. Sharkey's opinion that Plaintiff was unable to work due to his existing level of functioning. The ALJ noted that Dr. Sharkey's opinion was inconsistent with his own findings and observations during the consultative examination. For instance, Dr. Sharkey found that Plaintiff's memory was intact, that Plaintiff had no formal symptoms of mania or depression, and that Plaintiff's depression was "treated successfully." (A.R. at 20, 310-11.) Such inconsistencies provided a proper basis for discounting Dr. Sharkey's opinion. Moreover, the ALJ's treatment of Dr. Sharkey's opinion was consistent with other evidence in the record showing that Plaintiff's mental impairments did not significantly impact his activities of daily living or his social functioning. Accordingly, the Commissioner's decision that Plaintiff retained the capacity to perform a full range of sedentary work was supported by substantial evidence.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 4, 2011 (docket no. 19), is **REJECTED**, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

A separate judgment will issue.

This case is **concluded**.


Dated: March 31, 2011                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE